José A. Vincenty, Appellant, v. Registrar of Property of Mayagüez, Respondent.

No. 776. Submitted July 24, 1929.—Decided November 8, 1929.

*José Sabater,* for appellant.    The registrar appeared by brief.

Mr. Justice Hutchison delivered the opinion of the court.

José A. Vincenty requested a registrar of property to make a marginal note of an order entered by a district court forbidding the transfer of certain real estate in accordance with the provisions of an Act to secure the effectiveness of judgments, approved March 1, 1902.    (Comp. Stat., 1911, sections 5233 *et seq.*)    This request was accompanied by revenue stamps sufficient in amount to cover the fee for the making of the marginal note in accordance with paragraph number "four" of the schedule as amended in 1917 (Session Laws, Vol. II, page 312) the pertinent portion of which reads as follows:

"*Special notes, records and entries.*—When, in consequence of the presentation, no record or entry is made and marginal notes are made, the charge for each one shall be fifty (50) cents."

Paragraph "five" of the same schedule fixes the fees to be charged: "For each record or entry and corresponding marginal notes not embraced in the preceding numbers . . ."

The registrar demanded a tax receipt as evidence of the value of the real estate described in the order of the district court, with a view to collection of the fee prescribed by paragraph "five", *supra,* for a record or entry "not embraced in the preceding numbers."    Counsel for Vincenty declined to produce the tax receipt and insisted upon the original request for a marginal note under paragraph "four" of the schedule.    Thereupon the registrar attempted to return the papers to counsel for Vincenty who refused to receive them.

The registrar did not make any note or entry in the books of the registry.

For two reasons we can not agree with the registrar that the paramount question involved is the construction of section 24 of an "Act assigning salaries to the registrars of property and for other purposes," as amended in 1928 (Session Laws, p. 232), first, because revenue stamps were deposited sufficient in amount to cover the making of the marginal note requested; and second, because the registrar did not demand an additional deposit for that purpose. For the first of these two reasons the doctrine of *Nazario* v. *Registrar, 36* P.R.R. 694, invoked by the registrar, is equally inapplicable.

On refusal of counsel for Vincenty to produce the tax certificate and in view of counsel's insistence upon compliance with the original demand for a marginal note in accordance with the provision of paragraph "four" of the schedule, the registrar should have disposed of the question so presented either by compliance with the request or by endorsement of his refusal, together with the reasons therefor, upon the document submitted to him for that purpose. In the absence of any such ruling, the question as to which of these alternatives should have been adopted is not before us.

On presentation of a document with request for a marginal note, and accompanied by stamps sufficient for that purpose, the registrar had no right to insist upon the production of a tax receipt in order to ascertain the amount required for the record of such document, in the face of a protest of the party most concerned that the entry contemplated by the registrar was not desired. The registrar erred in attempting to return such a document to the party from whom it was received without a definite ruling upon the question raised by the request for a marginal note.

The case will be remanded for further proceedings not inconsistent herewith.

Mr. Justice Texidor took no part in the decision of this case.